IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: ROBIN L. HOLLAND          :       CHAPTER 13
.                                :       CASE NO 14-10408
                                 :
         DEBTOR                  :       (Indicate if applicable)
                                 :
                                 :       ORIGINAL PLAN
                                 :       2nd AMENDED PLAN
                                 :       (Indicate  ; 2nd, 3rd, etc.)

## YOUR RIGHTS WILL BE AFFECTED

if you oppose any provision of this plan you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

## PLAN PROVISIONS DISCHARGE: (Check one)

X    The debtor will seek a discharge of debts pursuant to Section 1328(a).
☐    The debtor is not eligible for a discharge of debts because the debtor has previously received a discharge described in 1328(f).

## NOTICE OF SPECIAL PROVISIONS: (Check if applicable)

☐    This plan contains special provisions that are not included in the standard plan as recommended by the Chapter 13 standing trustees in the Eastern District of Pennsylvania. Those provisions are set out in the OTHER PLAN PROVISIONS section of this plan.

## 1. PLAN FUNDING AND LENGTH OF PLAN

    A. Payments by the debtor of $ 100     per month for  15     months and $ 350 for 45 months. . This monthly plan payment will begin no later than 30 days following the date of the filing of the bankruptcy petition          or the date of the conversion to Chapter 13.

    B. In addition to the above specified plan payments, the debtor agrees to dedicate to the plan the estimated amount of sale proceeds as follows: $_____ from the sale              of                         property           (described property)_____. All sales will be completed by _____. Other lump sum payments shall be paid to the trustee as follows:

Other payments from any source (describe specifically) shall be paid to the trustee as follows:

    C. For amended plans:
        (1) The plan payments by the debtor shall consist of the total amount previously paid ($_____) added to the new monthly payment in the amount of $_____ for the remaining _____ months of the plan for a total base amount, as amended, of $_____, plus other payments and property stated in Paragraph B above.
        (2) The payment amount shall change effective _____.
        (3) The debtor shall take appropriate action to ensure that all wage attachment payments are adjusted to conform to terms of the amended plan.

    D. The debtor is responsible for funding the plan.

## 2. SECURED CLAIMS

1

A. <u>Adequate Protection Payments under Section 1326.</u> Adequate protection payments in the following amounts will be paid by the debtor to the trustee. The trustee will disburse pre-confirmation adequate protection payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the debtor.

| Name of Creditor | Address | Account # | Payment | |
|---|---|---|---|---|
| | NONE | | $ | |
| | | | $ | |

B. <u>Mortgages and Other Direct Payments by Debtor.</u> Payments will be made outside the plan according the original contract terms, with no modification of contract terms and with liens retained.

| Name of Creditor | Description of Collateral | Contractual Monthly Payment | Principal Balance of Claim | Contract Rate of Interest |
|---|---|---|---|---|
| Bank of America | 987 Hickory Ridge Drive | $ 1,464 | $ 264,711.15 | $ |
| Bank of America | 987 Hickory Ridge Drive | $ 283 | $ 106,442.01 | $ |
| U.S. Bank | 2010 Infiniti | $ 501 | $ 29,916 | $ |
| Beneficial Bank | 2008 Jetta | $ 250 | $ 5,000 | $ |

C. <u>Arrears</u>

| Name of Creditor | Description of Collateral | Pre-Petition Arrears to be Cured | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
| Warrington Township Tax Collector | 987 Hickory Ridge Drive | $ 6,859 | $ | $ 6859 |
| Beneficial Bank | 2008 Jetta | $ 256 | $ | $ 256 |
| Bank of America | 987 Hickory Ridge Drive | $ 65 | $ | $ |
| | | $ | $ | $ |

D. <u>Secured Claims Paid According to Modified Terms.</u> These amounts will be paid in the plan according to modified terms, and liens retained until entry of discharge. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as 'NO VALUE' in the "Modified Principal Balance" column below will be treated as an unsecured claim. A MOTION AND/OR AN ADVERSARY ACTION, AS APPROPRIATE SHALL BE FILED UNDER SECTION 506(a) TO DETERMINE THE EXTENT, VALIDITY, AND PRIORITY OF THE LIEN.

| Name of Creditor | Description of Collateral | Modified Principal Balance | Interest Rate | Total Payment | Plan* or Adversary Action |
|---|---|---|---|---|---|
| | NONE | $ | % | $ | |

|  |  | $ | % | $ |  |
|---|---|---|---|---|---|

E. <u>Other Secured Claims.</u>

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be paid in plan |
|---|---|---|---|---|
|  |  | $ | % | $0 |
|  |  | $ | % | $0 |
|  |  | $ | % | $ |

F. <u>Surrender of Collateral:</u>

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |
|  |  |

G. <u>Lien Avoidance:</u> The debtor moves to avoid the liens of the following creditors pursuant to Section 522(f):

| Name of Creditor | Description of Collateral |
|---|---|
|  |  |
|  |  |
|  |  |

## 3. PRIORITY CLAIMS

A. Allowed unsecured claims entitled to priority under section 507 will paid in full with the exception of certain assigned Domestic Support Obligations that may be paid less than 100% pursuant to section 1322(a)(4):

| Name of Creditor | Total Payment |
|---|---|
| Commonwealth of PA | $ 2,164.93 |
| IRS | $ 2,992.61 |
|  |  |

B. Administrative Claims:

3

(1) Trustee fees. Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.

(2) Attorney Fees. In addition to retainer of $1219.00 already paid by the debtor, the amount of $ 3281.00 in the plan.

## 4. UNSECURED CLAIMS

A. <u>Claims of Unsecured Non-priority Creditors Specially Classified.</u> Includes unsecured claims, such as co-signed unsecured debts, that will be paid in full even though all other unsecured claims may not be paid in full.

| Name of Creditor | Reason for Special Classification | Amount of Claim | Interest Rate | Total Payment |
|---|---|---|---|---|
| NONE | | $ | % | $ |
| | | $ | % | $ |

B. <u>Claims of General Unsecured Creditors.</u> The debtor estimates that a total of $ 7,000..00__ will be available for distribution to unsecured creditors, including unsecured priority creditors. . The debtor calculates that a minimum of $ 4,8000 must be paid to unsecured creditors in order to   comply with the liquidation test for confirmation and the debtor calculates that a minimum of $00.00_ must be paid to   unsecured, non-priority creditors in order to comply with the Means Test.

C. <u>Funding</u> (Check one)
X    Pro Rata
☐    100%

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. 
The following executory contracts and unexpired leases are assumed (and pre-petition arrears to be cured in the plan) or rejected (so indicate):

| Name of Creditor | Description of Collateral | Monthly Payment | Interest Rate | Pre-petition Arrears | Total Payment | Assume/Reject |
|---|---|---|---|---|---|---|
| | | $ | % | $ | $ | assume |
| | | $ | % | $ | $ | |

## 6. OTHER PLAN PROVISIONS:

4

## 7. ORDER OF DISTRIBUTION:

Payments from the plan will be made by the trustee in the following order:
Level 1:
Level 2:
Level 3:
Level 4:
Level 5:
Level 6:
Level 7:
Level 8:

If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the trustee using the following as a guide:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

## 8. REVESTING OF PROPERTY (Check one)

    X    Property of the estate will vest in the debtor upon confirmation
    ☐    Property of the estate will vest in the debtor upon closing of the case.

**GENERAL PRINCIPALESS APPLICABLE TO ALL PLANS**

1. All pre-petition arrears and cramdowns shall be paid to the trustee and disbursed to creditors through the plan.

2. If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the trustee will treat the claim as allowed, subjected to objection by the debtor. Claims filled after the bar date that are not properly served on the trustee will not be paid. The debtor is responsible for reviewing claims and filing objections, if appropriate.

3. In the event that any creditor in any class refuses any disbursement from the standing trustee, the standing trustee shall be authorized to disburse those funds to other creditors in the same class, or if all such similarly classified creditors have already been paid, to other creditors in the next level of priority, without seeking a modification of the plan.

4. If debtor is successful in obtaining a recovery in any personal injury or other litigation in which debtor is the plaintiff during the term of this plan, any recovery in excess of any applicable exemption will be paid to the trustee as a special plan payment, in addition to debtor's regular plan payments, for the benefit of the unsecured creditors.

5. If this plan is confirmed prior to the bar date for the filing of proofs of claim, and if any claims are filed after such confirmation date, but before the expiration of the applicable proof of claim deadline ("bar date"), debtor agrees, within (30) days after the bar date,

    (a) to notify the standing trustee of any such post-conformation filed claims which would affect the adequate funding of the plan, and advise as to debtor's intentions with respect to such claims, in writing; and

      (b) within ten (10) days of such notification, either file
           (i) an objection to such claim(s), or
           (ii) a motion to modify the confirmed plan to account for such post-confirmation filed claims.

If debtor files an objection to such claim(s), and such objection(s) is/are overruled, debtor will promptly file a motion to modify the plan to account for such claims(s).

If this plan is confirmed prior to the bar date, debtor also agrees that any documents or other requests previously made by the standing trustee shall be fulfilled on or before the bar date.

6. Debtor shall certify compliance with all requirements of 11 U.S.C. §1328 before the plan shall be deemed completed, and only upon such certification shall the debtor(s) be entitled to a Chapter 13 discharge, provided that debtor(s) is/are otherwise eligible, as indicated in the discharge section above.

Dated: October 17, 2014, 2014                                /s/Jon M. Adelstein
                                                                                  Attorney for Debtor